# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>            Plaintiff,<br><br>     v.<br><br>MODESTO AREA EXPRESS REGIONAL TRANSIT, et al.,<br><br>            Defendants. | Case No. 1:18-cv-00022-DAD-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Debra Berry ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action. Plaintiff's complaint, filed on January 4, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1

pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

At all times relevant to this action, Plaintiff was a California resident and one-time passenger of the Modesto Area Regional Express, a federally-funded public transportation system. Plaintiff names the following defendants: (1) Modesto Area Express Regional Transit ("Modesto Express"); (2) Shelly Reid, Modesto Express bus driver; and (3) Michael Keith, Modesto Express manager/supervisor.

Plaintiff states her intent to bring this action as a class action on behalf of herself and others similarly situated. As explained below, Plaintiff may not bring allegations on behalf of others in this pro se action. Accordingly, the Court summarizes only the allegations as they pertain to Plaintiff.

In relevant part, Plaintiff alleges that on May 18, 2016, at approximately 5:15 p.m., while she was waiting to board the Modesto Express bus, she was subjected to a discriminatory policy by a group of passengers that demanded first preference on the bus due to having monthly bus passes over Plaintiff and others that chose to deposit bus fare into the fare box. Plaintiff contends that this conduct was sanction by Defendants Reid and Keith. While Plaintiff was digesting the allegedly discriminatory policy, Plaintiff allegedly was oppressed by another group of passengers

2

1  "demanding to exercise their privilege rights and enter the bus first over Plaintiff and other
2  passengers that were paying for their fare and did not have monthly passes in spite of Plaintiff and
3  the other passengers waiting their place in line.

4  As Plaintiff stood in line to pay her bus fare, she excused herself to walk to a store and get
5  change to pay the bus fare. When she resumed her place in line, she allegedly was oppressed by
6  another passenger that demanded to be first on the bus in spite of being in line behind Plaintiff
7  due to having a monthly bus pass. After Plaintiff deposited the $16.00 fare, all of the passengers
8  with monthly passes began yelling at Plaintiff that they had a right to get on the bus before
9  Plaintiff due to having monthly passes. Plaintiff alleges that this agitated all of the other
10 passengers and created hostility, which was compounded by Defendant Reid.

11 Plaintiff alleges that Defendant Reid stated to Plaintiff that the passengers with bus passes
12 have first priority to get on the bus. Plaintiff explained to Defendant Reid that she stood in line
13 like every other passenger, was paying for her bus fare with cash, and should not be discriminated
14 against due to not having a monthly pass. Defendant Reid also stated that Plaintiff had only
15 deposited $8.00 into the fare box. Plaintiff told Defendant Reid that she was incorrect because
16 Plaintiff had just received change for twenty dollar bill, had only four dollars left and knew for
17 certain that she had deposited sixteen dollars into the fare box. Defendant Reid became agitated
18 and irate, stating that she would have Plaintiff forcefully removed from her bus if Plaintiff did not
19 deposit more money. At this point, Plaintiff requested a refund of the money she had deposited in
20 order to have a receipt for the exact amount and to prove that she had deposited the correct
21 amount. Defendant Reid refused to provide a refund. Plaintiff then requested a travel receipt so
22 that she could take another bus.

23 After Defendant Reid refused to refund Plaintiff her money or provide a travel receipt,
24 Defendant Reid got off of the bus and made a call on her cell phone. A female police officer later
25 walked up to Defendant Reid and they had a discussion. Defendant Reid came back on the bus
26 and took her seat behind the wheel. Plaintiff again asked for a refund and a travel receipt, and
27 Defendant Reid again refused.

28 While Plaintiff stood in front of Defendant Reid, a passenger came up to Plaintiff and

3

stated that he wanted to speak with her.  As Plaintiff turned to address the passenger, the passenger pushed Plaintiff down the steps and Defendant Reid closed the door, partly trapping Plaintiff's body in the door while driving away and pulling Plaintiff.   Defendant Reid eventually stopped the bus after allegedly causing further injury to Plaintiff.

One of the passengers reported the incident to the Modesto Express office and called the BART police department.  Officers Kassandra Watts and Cassandra Rinnert arrived on the scene and created an Incident Report (#1605-1216).

Plaintiff alleges that when Officer Watts arrived on the scene, she disregarded Plaintiff and started a conversation with Defendant Reid.  The paramedics arrived and evaluated Plaintiff's medical injuries.  She was transported to Valley Care Hospital for a follow-up examination.  An ace bandage wrap was placed on Plaintiff's arm and leg and she was discharged from the hospital the same day.

On May 18, 2016, Officer Watts attempted to call Defendant Reid to discuss the incident and Defendant Reid did not answer.

On May 22, 2016, Officer Watts called Defendant Reid to discuss the incident, but Defendant Reid stated that it was not a good time.

Plaintiff filed a complaint with the Modesto Express office and spoke with Defendant Keith about the incident.  She also inquired about his training and supervision of Defendant Reid and the allegedly discriminatory policy of privilege for passengers with monthly passes versus cash-paying citizens.  Defendant Keith merely stated that this was Modesto Express' policy and he was in support of Defendant Reid's position.

As relief, Plaintiff seeks a declaration that Defendants violated Plaintiff's rights to nondiscriminatory treatment under the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983 and 2000d *et seq.*  She also pursues a claim for intentional physical harm against Defendant Reid.

**III.     Discussion**

Plaintiff fails to state a cognizable federal claim for relief.  However, as Plaintiff is proceeding pro se, and in an abundance of caution, she will be granted leave to amend her complaint to cure the below-identified deficiencies to the extent she can do so in good faith.  To

4

assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to her claims.

### A. Putative Class Action

Plaintiff, proceeding pro se, cannot prosecute the instant action as a class action. See C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987) (holding that a pro se litigant may not appear as an attorney for others). Accordingly, this action may proceed, if at all, only on behalf of Plaintiff.

### B. 42 U.S.C § 1981

Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1981. Section 1981 was meant, by its broad terms, to proscribe discrimination in making or enforcement of contracts against, or in favor of, any race. Gratz v. Bollinger, 539 U.S. 244, 276 n. 23 (2003). To obtain relief under section 1981, a plaintiff must allege intentional or purposeful discrimination based on race. Gen. Bldg. Contractors Ass'n, Inc. v. Penn., 458 U.S. 375, 391 (1982) (holding that section 1981 can only be violated when there is purposeful discrimination); Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989) ("What is required in a section 1981 action, however, is that the plaintiffs must show intentional discrimination on account of race."). Plaintiff does not allege a claim for discrimination based on the making or enforcement of a contract. Further, although Plaintiff makes a conclusory assertion, the complaint and attached documents fail to allege any facts demonstrating intentional or purposeful discrimination on the basis of race. Instead, Plaintiff merely complains about Modesto Express' policy of granting priority to boarding to monthly pass holders, which has no apparent connection to any protected class.

### C. 42 U.S.C. § 1983

Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983. In order to state a § 1983 claim, Plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges that her right to equal protection under the Fourteenth Amendment was violated by defendants. To state a claim for violation of the Equal Protection Clause, a plaintiff must "show that the defendants

5

acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). As with her § 1981 claim, Plaintiff's complaint fails to allege any facts demonstrating that defendants acted with an intent or purpose to discriminate against her based on membership in any protected class.

### D. Title VI, 42 U.S.C. § 2000d

Plaintiff appears to assert a claim for violation of Title VI of the Civil Rights Act of 1964. Title VI states that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in race discrimination; and (2) the entity involved is receiving federal financial assistance." Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994), overruled on other grounds, Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001). Dismissal of a Title VI claim is appropriate where a plaintiff fails to allege any evidence to indicate racial bias motivated a defendant's action. See Joseph v. Boise State Univ., 998 F. Supp. 2d 928, 944 (D. Idaho 2014), aff'd, 667 Fed.Appx. 241 (9th Cir. 2016). As with her other claims, Plaintiff does not allege any facts related to racial discrimination sufficient to support a Title VI claim. Again, the basis of her claims is priority boarding for monthly pass holders over cash-paying customers.

### E. State Law Claims

Plaintiff may be able to assert a state law cause of action against Defendant Reid related to her alleged physical injury. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff

must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In the absence of any cognizable federal claims, the Court declines to screen or otherwise address any purported state law claims.

**IV.  Conclusion**

Plaintiff's complaint fails to state a cognizable federal claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure the deficiencies to the extent she is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

///

///

7

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 17, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE