# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BERRY,<br><br>    Plaintiff,<br><br>v.<br><br>MODESTO AREA EXPRESS REGIONAL TRANSIT, et al.,<br><br>    Defendants. | Case No. 1:18-cv-00022-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. No. 8)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Debra Berry ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action. On April 17, 2018, the Court screened Plaintiff's complaint and granted her leave to amend. (Doc. No. 1.) Plaintiff's first amended complaint, filed on May 17, 2018, is currently before the Court for screening. (Doc. No. 8.)

**I.    Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

At all times relevant to this action, Plaintiff was a California resident and one-time passenger of the Modesto Area Regional Express, a federally-funded public transportation system. Plaintiff names the following defendants: (1) Modesto Area Express Regional Transit ("Modesto Express"); (2) Shelly Reid, Modesto Area Express Regional Transit bus driver; and (3) Michael Keith, Modesto Area Express Regional Transit manager/supervisor. Plaintiff brings suit against Defendants Reid and Keith in their individual and official capacities.

In relevant part, Plaintiff alleges that on May 18, 2016, at approximately 5:15 p.m., while she was waiting to board the Modesto Express bus, she was subjected to a discriminatory policy by a group of passengers that demanded first preference on the bus due to having monthly bus passes over Plaintiff and others that chose to deposit bus fare into the fare box creating a contract. Plaintiff contends that this conduct was enforced by Defendants Reid and Keith.

While Plaintiff was contemplating the contract and allegedly disparate treatment, Plaintiff allegedly was oppressed by another group of passengers "demanding to exercise their disparate treatment over Plaintiff by entering the bus first in spite of Plaintiff waiting in line to pay her fare

to travel." (Doc. No. 8 at p. 5.)

As Plaintiff stood in line to pay her bus fare, she excused herself to walk to a store and get change to pay the bus fare. When she resumed her place in line, she allegedly was oppressed by another passenger that demanded to be first on the bus due to having a monthly bus pass in spite of being in line behind Plaintiff. After Plaintiff deposited the $16.00 fare, all of the passengers with monthly passes began yelling at Plaintiff that they had a right to get on the bus before Plaintiff due to having monthly passes. Plaintiff alleges that this agitated all of the other passengers and created hostility, which was compounded by Defendant Reid.

Plaintiff alleges that Defendant Reid stated to Plaintiff that the passengers with bus passes have first priority to get on the bus. Plaintiff explained to Defendant Reid that she stood in line like every other passenger, was paying for her bus fare with cash, and should not be discriminated against due to not having a monthly pass. Defendant Reid also stated that Plaintiff had only deposited $8.00 into the fare box. Plaintiff told Defendant Reid that she was incorrect because Plaintiff had just received change for twenty dollar bill, had only four dollars left and knew for certain that she had deposited sixteen dollars into the fare box. Defendant Reid became agitated and irate, stating that she would have Plaintiff forcefully removed from her bus if Plaintiff did not deposit more money. At this point, Plaintiff requested a refund of the money she had deposited in order to have a receipt for the exact amount and to prove that she had deposited the correct amount. Defendant Reid refused to provide a refund. Plaintiff then requested a travel receipt so that she could take another bus.

After Defendant Reid refused to refund Plaintiff her money or provide a travel receipt, Defendant Reid got off of the bus and made a call on her cell phone. A female police officer later walked up to Defendant Reid and they had a discussion. Defendant Reid came back on the bus and took her seat behind the wheel. Plaintiff again asked for a refund and a travel receipt. Defendant Reid again refused.

While Plaintiff stood in front of Defendant Reid, a passenger came up to Plaintiff and stated that he wanted to speak with her. As Plaintiff turned to address the passenger, the passenger pushed Plaintiff down the steps and Defendant Reid closed the door, partly trapping

Plaintiff's body in the door while driving away and pulling Plaintiff. Defendant Reid eventually stopped the bus after allegedly causing further injury to Plaintiff.

One of the passengers reported the incident to the Modesto Express office and called the BART police department. Officers Kassandra Watts and Cassandra Rinnert arrived on the scene and created an Incident Report (#1605-1216). The paramedics arrived and evaluated Plaintiff's medical injuries. She was transported to Valley Care Hospital for a follow-up examination. An ace bandage wrap was placed on Plaintiff's arm and leg and she was discharged from the hospital the same day.

On May 18, 2016, Officer Watts attempted to call Defendant Reid to discuss the incident and Defendant Reid did not answer.

On May 22, 2016, Officer Watts called Defendant Reid to discuss the incident, but Defendant Reid stated that it was not a good time.

Plaintiff filed a complaint with the Modesto Area Express office and spoke with Defendant Keith about the incident. Plaintiff spoke with the receptionist regarding the incident. She also inquired about the training and supervision of Defendant Reid and the allegedly discriminatory policy of privilege for passengers with monthly passes versus cash-paying citizens. The receptionist stated that this was Modesto area Express' policy and was in support of Defendant Reid's position.

As relief, Plaintiff seeks monetary damages, a declaration that Defendants violated Plaintiff's rights to non-disparate treatment under the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983 and 2000d *et seq.*, and injunctive relief. She also pursues a claim for intentional physical harm against Defendant Reid.

**III. Discussion**

**A. 42 U.S.C § 1981**

Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1981. Section 1981 was meant, by its broad terms, to proscribe discrimination in making or enforcement of contracts against, or in favor of, any race. Gratz v. Bollinger, 539 U.S. 244, 276 n. 23 (2003). To obtain relief under section 1981, a plaintiff must allege intentional or purposeful discrimination based on

race. Gen. Bldg. Contractors Ass'n, Inc. v. Penn., 458 U.S. 375, 391 (1982) (holding that section 1981 can only be violated when there is purposeful discrimination); Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989) ("What is required in a section 1981 action, however, is that the plaintiffs must show intentional discrimination on account of race."). Plaintiff does not allege a claim for racial discrimination based on the making or enforcement of a contract. Although Plaintiff makes a conclusory assertion, the amended complaint and attached documents fail to allege any facts demonstrating intentional or purposeful discrimination on the basis of race. Instead, Plaintiff merely complains about Modesto Area Express' policy of granting priority to boarding to monthly pass holders, which has no apparent connection to any protected class.

**B.  42 U.S.C. § 1983**

Plaintiff fails to state a cognizable claim under 42 U.S.C. § 1983. In order to state a § 1983 claim, Plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges that her rights under the Fourteenth Amendment were violated by defendants because of the disparate impact experienced by bus ticket purchasers not possessing a monthly bus pass. However, to state a claim for violation of the Equal Protection Clause, a plaintiff must "show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). As with her § 1981 claim, Plaintiff's amended complaint fails to allege any facts demonstrating that defendants acted with an intent or purpose to discriminate against her based on membership in any protected class.

**C.  Title VI, 42 U.S.C. § 2000d**

Plaintiff appears to assert a claim for violation of Title VI of the Civil Rights Act of 1964. Title VI states that "[n]o person . . . shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in race

discrimination; and (2) the entity involved is receiving federal financial assistance." <u>Fobbs v. Holy Cross Health Sys. Corp.</u>, 29 F.3d 1439, 1447 (9th Cir. 1994), <u>overruled on other grounds</u>, <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131, 1133 (9th Cir. 2001). Dismissal of a Title VI claim is appropriate where a plaintiff fails to allege any evidence to indicate racial bias motivated a defendant's action. <u>See</u> <u>Joseph v. Boise State Univ.</u>, 998 F. Supp. 2d 928, 944 (D. Idaho 2014), <u>aff'd</u>, 667 Fed.Appx. 241 (9th Cir. 2016). As with her other claims, Plaintiff does not allege any facts related to racial discrimination sufficient to support a Title VI claim. Again, the basis of her claims is priority boarding for monthly pass holders over cash-paying customers.

### D. State Law Claims

Plaintiff may be able to assert a state law cause of action against Defendant Reid related to her alleged physical injury. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In the absence of any cognizable federal claims, it is recommended that the Court decline to screen or otherwise address any purported state law claims.

### IV. Conclusion and Recommendation

Plaintiff's complaint fails to state a cognizable federal claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in her claims, and thus, further leave to amend is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted;

6

2. The Court decline supplemental jurisdiction and Plaintiff's state law claims, if any, be dismissed without prejudice; and

3. All pending motions, if any, be terminated.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 5, 2018**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE